UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN JIMENEZ,<br>Plaintiff,<br>v.<br>INTERNAL REVENUE SERVICE, et al.<br>Defendants. | Case No. 26-cv-06471-EGC<br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**<br>(Doc. 1)<br>**TWENTY-ONE DAY DEADLINE**<br>Clerk to Assign District Judge |

Plaintiff Evelyn Jimenez is proceeding *pro se* in this action. Plaintiff filed a complaint on August 14, 2026. (Doc. 1). Upon review, the undersigned concludes that the allegations are frivolous and fail to state a claim and recommends dismissing Plaintiff's complaint without leave to amend.

## I. SCREENING REQUIREMENT

In cases where the plaintiff seeks to proceed *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants);

*Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted her complaint using the general complaint form provided by this Court. Much of Plaintiff's complaint is illegible. The caption of the complaint lists "Internal Revenue

Service" and "Fresno Stop California." (Doc. 1 at 1). Plaintiff also lists "Julio C. Lopez, Solar Panel Technician," "Delia De Lopez, Labor Contractor," "Felicita Fierro, Reception of Smur Obgen Ag," and "Victoria Lopez, James F. Garcia Inc. Ag." (*Id.* at 2–3). Plaintiff has filled out her name and states she is a citizen of California, and writes "abortion" in the section labeled "If the Basis for Jurisdiction is Diversity of Citizenship." (*Id.* at 4–5). Plaintiff did not select a basis for jurisdiction. (*Id.* at 3). In the section in which a plaintiff can indicate the "Amount in Controversy," Plaintiff has written "abortion the amount of controversy, pat the California family pact $88,000.00." (*Id.* at 5). In the section in which she is asked to state a "Statement of Claim," Plaintiff has written "due bill payment to Fresno County, Medical Care, food, bed, transportation, cash on hand for any [illegible]. Post due 1989." (*Id.*).

And as to her claim for relief, she states, "please write check to |name| Evelyn Jiumenez" and then lists her address. (*Id.* at 8).

The Civil Cover Sheet lists the nature of suit is listed as "Deportation" (Doc. 1-1.)

## III. DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims and is frivolous.

### A. Rule 8

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to a defendant of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Here, there are no factual allegations in the complaint that identify the basis for any federal claim(s). Nor does Plaintiff specify how her claim is one of "deportation" as listed in the cover sheet. (*See* Doc. 1-1.)

In addition, a complaint is required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Again, without any coherent factual allegations, it is impossible to determine what Plaintiff is alleging has occurred or how the defendant is alleged to be responsible.

In sum, Plaintiff's complaint fails to conform to the requirements of Rule 8.

**B. Suit Against the United States and Federal Agencies**

Plaintiff appears to attempt to bring this action against the Internal Revenue Service along with another entity and several individuals. Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" *Hodge*, 107 F.3d at 707 (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981).) The complaint is devoid of any allegations that would enable the Court to determine any basis by which Plaintiff could bring suit against the Internal Revenue Service or any of the other defendants listed in the complaint.

**C. Frivolousness**

Apart from Plaintiff's failure to state a claim, her complaint is frivolous. A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"). A federal court cannot properly *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33. However, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id*. at 32–33. If a case is classified as frivolous,

"there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

Plaintiff's complaint is frivolous under this legal standard. Plaintiff does not set forth any facts. Her statement of claim and request for relief, as set forth above, are incoherent. Accordingly, Plaintiff's complaint should be dismissed without leave to amend. *See, e.g., Jimenez v. Postal Serv. Off.*, No. 1:25-CV-00950-SKO, 2025 WL 2299261, at *3 (E.D. Cal. Aug. 8, 2025), *report and recommendation adopted*, No. 1:25-CV-00950-KES-SKO, 2025 WL 2996986 (E.D. Cal. Oct. 24, 2025) (dismissing a complaint from the same Plaintiff as frivolous).

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend. Although this is Plaintiff's first complaint, it is clear from the face of the complaint that it is frivolous.[1]

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed, without leave to amend; and
2. Plaintiff be cautioned that continued frivolous filings may result in finding Plaintiff to be a vexatious litigant, which will restrict her future filings;
2. The Clerk of the Court be instructed to close the case.

These findings and recommendation will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within twenty-one (21) days after being served** with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, Clerk of the Court is DIRECTED to assign a district judge to this case.

[1] If Plaintiff believes that she can cure this deficiency in an amended complaint, she may file objections to these Findings and Recommendation explaining how she would amend her complaint to state a cognizable claim.

IT IS SO ORDERED.

Dated: **August 17, 2026**

Erin Sug Castillo
UNITED STATES MAGISTRATE JUDGE